**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**STEVEN F. D'AMICO,
D.O.C. # L58304,**

    **Plaintiff,**

vs.                                              Case No. 4:19cv446-MW/CAS

**MARK INCH, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted a civil rights complaint, ECF asserting several separate claims against three Defendants: Secretary Mark Inch, Warden Joseph Edwards, and Correctional Officer Scott Heilig. ECF No. 1 at 2. In a separate Order entered this day, Plaintiff was advised that his initial complaint was insufficient, but Plaintiff was provided an opportunity to submit an amended complaint limited to his claim against Officer Heilig for the use of unnecessary and excessive force.

Prior to review of the complaint, Plaintiff filed a motion requesting a preliminary injunction. ECF No. 5. Plaintiff's motion contends that he "is in

need of immediate injunctive relief to protect his constitutional right to adequate medical care." *Id.* at 1. Plaintiff explains that he was diagnosed with chronic lymphocytic leukemia in 2007. *Id.* He received certain treatments through 2014. *Id.* Those treatments were stopped by Dr. Montoya, but then resumed in 2017. *Id.* at 2. In June 2019, Plaintiff contends that RMC medical staff once again stopped his treatments in reprisal for filing complaints and grievances." *Id.*

Although Plaintiff's asserted medical need appears serious, this is not the proper case in which to seek medical care. Plaintiff is requesting that he be "granted a preliminary injunction for resumption of Retuxin." *Id.* at 4. However, this case does not challenge his medical care and none of the named Defendants in this care are medical professionals. Plaintiff's motion has been improperly filed in this case and Plaintiff has not alleged any involvement by the named Defendants in the motion for an injunction.

Federal Rule of Civil Procedure 65 governs motions for a temporary restraining order and for a preliminary injunction. An injunction or restraining order issued under Rule 65(d) is binding only upon the parties to a case, their officers, agents, servants, employees, and attorneys, and any "other persons who are in active concert or participation with" a party

Case No. 4:19cv446-MW/CAS

or his agent.  FED. R. CIV. P. 65(d)(2).  "It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process."  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110, 89 S. Ct. 1562, 1569, 23 L. Ed. 2d 129 (1969) (citation omitted). Because the named Defendants are not named in the motion and have no causal connection to the issue raised in the motion for a preliminary injunction, ECF No. 5, the motion must be denied.[1]

It is respectfully **RECOMMENDED** that Plaintiff's motion for a preliminary injunction, ECF No. 5, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on November 18, 2019.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] If Plaintiff wants to pursue a claim against persons who are involved in his medical care, Plaintiff should initiate a separate case after exhausting administrative remedies.

Case No. 4:19cv446-MW/CAS

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**